**Yun Jin NI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney
General Respondent.**

**No. 04–4433–AG NAC.**

United States Court of Appeals,
Second Circuit.

Feb. 21, 2006.

Joan Xie, New York, New York, for
Petitioner.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Martin J. McLaughlin, Assistant United States Attorney, Northern District of Iowa, Cedar Rapids, Iowa, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

In November 2002, Yun Jin Ni, a native and citizen of China, filed an application for asylum, withholding of removal and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Ordinarily, this Court reviews the BIA's decision, see, e.g., Qun Yang v. McElroy, 277 F.3d 158, 162 (2d Cir.2002) (per curiam), but, when—as in this case—the BIA's decision affirms the IJ's holding and modifies or supplements it, this Court will review the IJ's decision as modified or supplemented by the BIA. See Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir.2005); Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004); Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003) Diallo v. Ashcroft, 232 F.3d 279, 288 (2d Cir.2000).

■ Substantial evidence supports the BIA's finding that Ni's testimony regarding his three-day detention did not describe actions that rose to the level of persecution. Ni testified that he was arrested as a result of his father's failure to pay taxes on an unsuccessful business. Ni claimed that he was detained for three days, given one or two meals a day, and was not beaten. According to Ni, after he was released, he wrote a letter to the court criticizing the arbitrary detention policies of the Chinese government. Chen testified that the police attempted to arrest him because of his political opinion, but they were unable to apprehend him. While these events are troubling, a reasonable fact-finder could not find, as the IJ and BIA did, that they were not sufficiently severe to constitute past persecution. See Damko v. INS, 430 F.3d 626 (2d Cir. 2005). Ni has not challenged the BIA's denial of his well-founded fear claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

■ Ni testified at the hearing that he feared being beaten to death by "gangsters" in China, for identifying two "snakeheads" to U.S. authorities. However, he offered no evidence that this was more likely than not to occur or that it would occur with the consent or acquiescence (passive or active) of the Chinese Government. See 8 C.F.R. § 1208.18(a)(1). The IJ's decision to deny Ni's CAT claim is supported by substantial evidence in the record.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).